UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLIVER KAREEM PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| U.S. JUDGE TERRENCE W. BOYLE, *et al*, | ) ) |
| Defendants. | ) ) |

Case: 1:16-cv-00620
Assigned To : Unassigned
Assign. Date : 4/1/2016
Description: Pro Se Gen. Civ.   (F Deck

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff alleges that two United States District Judges for the Eastern District of North Carolina conspired with the United States of America to deny him access to the courts due to their failure to liberally construe his pleadings and to entertain his claims of actual innocence. *See* Compl. at 1. Plaintiff now asks this Court to "vacate [his] sentence and conviction for (1) count of 2nd degree murder and (1) count of armed robbery and resentence [him] on [the] remaining convictions." *Id*. at 2.

"[E]lements of civil conspiracy include[]: (1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983). Plaintiff's mere mention of a conspiracy without alleging facts to support the claim is insufficient as a matter of law. *See Bush v. Butler*, 521 F. Supp. 2d 63, 69 (D.D.C. 2007).

Insofar as plaintiff demands his release from custody, his remedy, if any, is through a petition for a writ of habeas corpus brought in the district where he is incarcerated and where his custodian is located. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).[1]

Lastly, Judges Boyle and Flanagan enjoy absolute immunity from liability for damages for acts taken in his judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872).").

The complaint and this civil action therefore will be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order consistent with this Memorandum Opinion is issued separately.

DATE: 3/30/16

_____
United States District Judge

---

[1] Federal court review of a state court conviction ordinarily would be available under 28 U.S.C. § 2254 after exhaustion of state remedies, *see id.* § 2254(b)(1), either in the district where plaintiff is in custody or in the district where the sentencing court is located, *see id.* § 2254(d). It appears that plaintiff's effort to obtain relief under § 2254 was unsuccessful. *See Phillips v. Lee*, 584 F. App'x 119 (4th Cir. 2014) (per curiam).